IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY WAYNE MONK, § | | |
| TDCJ # 02374565, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:24-0435 | |
| § | | |
| OFFICE OF THE ATTORNEY GENERAL,§ | | |
| VICTIMS OF CRIME DEPARTMENT, § | | |
| § | | |
| Defendants § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelly Wayne Monk, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

**I.  BACKGROUND**

Monk filed a civil-rights complaint against the Crime Victims department of the Office of the Attorney General (OAG) for the state of Texas. He explains that he filed a claim with the Crime Victims department "for the year 2013," which was denied, and that he appealed. He claims that he "never received the balance of [his] account or compensat[ion]" (Dkt. 1, at 3). He also appears to claim that the Crime Victims department

awarded him money but that he did not receive the entire award, explaining that he "lost communication with the program" due to the COVID-19 pandemic, a "mental and physical breakdown," and the loss of family (*id*. at 4). As relief for his claims, he seeks "the remainder of the monetary award[] to me in this case" (*id*.).

## II.   THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner suing a governmental entity, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.   DISCUSSION

Monk brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex*., 822 F.3d 174, 180 (5th Cir. 2016). The sole defendant in this case is the Crime Victims division of OAG. Even assuming that this defendant is an entity with capacity to be sued under Federal Rule of Civil Procedure 17(b) and Texas law, Monk's claims must be dismissed.

First, sovereign immunity bars his claim. Monk seeks monetary compensation from the OAG, which is an agency of the State of Texas. The Eleventh Amendment protects the

states' sovereign immunity, and federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014); *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting § 1983. *NiGen*, 804 F.3d at 394. Therefore, Monk's claim under § 1983 for monetary compensation must be dismissed.

Additionally, Monk's pleading does not state a valid claim for relief because it does not allege any wrongdoing by the OAG or any violation of federal law. *See Harrington*, 563 F.3d at 147. Rather, Monk states that he lost communication with the Crime Victims program due to the COVID-19 pandemic, a mental and physical breakdown, and family circumstances (Dkt. 1, at 4). He does not adequately allege that the OAG violated his constitutional rights, as required for a claim under § 1983. Monk does not state whether he has attempted to reestablish communication with the OAG or whether he has submitted an updated request for the compensation he says he is due.

Finally, Monk executed his complaint in this action on January 17, 2024. He does not provide the date that the Crime Victims department denied him the funds he seeks for a claim pertaining to 2013 but, to the extent the denial took place on or before January 17, 2022, his claim under § 1983 would be subject to dismissal as untimely and legally

frivolous.  *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011).[1]

For the reasons stated above, Monk's civil-rights claim under § 1983 will be dismissed.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Monk is **DISMISSED** under 28 U.S.C. §1915A(a) based on sovereign immunity and for failure to state a claim upon which relief may be granted.  All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 20, 2024._____

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Civil-rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law.  *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a).